UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF FLORIDA

PANAMA CITY DIVISION

| | |
|---|---|
| IN RE: TOMMY EARL HAMM, J.R. and JAMIE NICOLE HAMM, | CASE NO.: 23-50014-KKS CHAPTER 11 |
| Debtors. | |

## MOTION TO STAY PROCEEDINGS ON MOTION TO INTERVENE, VAVCATE ORDER COMPELLING FEES, AND COMPEL DISGOVEMENT, AND FOR PERMISSIVE ABSTENTION

**COMES NOW** the undersigned counsel, and pursuant to 28 U.S.C. § 1334(c)(1), respectfully move this Court for entry of an Order (i) staying further proceedings on the pending Motion for Turnover (the "Turnover Motion"), currently set for hearing on February 11, 2026 at 10:30 a.m. Eastern Time, (ii) removing the Turnover Motion from the Court's hearing calendar, and (iii) permissively abstaining from adjudicating the issues raised therein pending resolution of the related state court action pending in the Circuit Court for Bay County, Florida, Case No. 25-0666CA (the "State Court Action"). In support, the Debtor(s) state as follows:

## Factual and Procedural Background

1. The Debtors filed their petition for Chapter 11, Subchapter V Bankruptcy on or about January 21, 2023 (ECF 1).

2. The Debtors' plan was confirmed on December 15, 2023 (ECF 167).

3. On May 1, 2024, Debtor's Attorney filed an Application for Compensation (ECF 205), later amended on May 29, 2024 (ECF 209).

4. This Court granted compensation to Debtor's Attorney on June 27, 2024 (ECF 218).

5. Debtor's Attorney, and Mr. Burg, who brought forth the present motion were partners in Burg Wynn, P.A., from February 2022 – December 2023.

6. On December 29, 2023, Mr. Burg and Mr. Wynn decided to part ways and dissolve their firm.

7. On January 10, 2024, Wynn & Associates, PLLC was established.

8. Mr. Burg returned to his formerly established firm of Burg Law, P.A., active since 2017.

9. Following the dissolution, the parties began negotiations and distributions associated with the winding down of the prior firm.

10. Presently, a state court action exists between Mr. Burg and Mr. Wynn in the Fourteenth Judicial Circuit in and For Bay County, Florida (Case No. 2025-CA-000666) (the "State Court Action").

11. The State Court Action is a statutory business dissolution proceeding that necessarily requires a full accounting of the parties' respective rights and interests under Florida law.

12. The present motion brings forth issues that are substantially duplicative of, and dependent upon, issues currently pending before the Circuit Court for Bay County, Florida.

13. The State Court Case, calls for accounting, which has already been performed by Mr. Wynn and has been or is being exchanged in the State Court Action pursuant to discovery contemporaneous with this motion.

14. Furthermore, a mediation to resolve the issues the State Court Action is scheduled for Monday, March 2, 2026 at 10 a.m. EST, with a trial day shortly following should such mediation result in an impasse on April 30, 2026.

15. Resolution of the dissolution and accounting issues in the State Court Action will directly determine whether, and to what extent, any relief sought in the Turnover Motion is ripe or appropriate.

16. Under these circumstances, principles of permissive abstention, judicial economy, and comity strongly favor staying further proceedings on the Turnover Motion and allowing the State Court Action to proceed to resolution.

## Law and Argument

17. Pursuant to 28 U.S.C. § 1334(c)(1), a bankruptcy court may permissively abstain from hearing a proceeding arising under title 11 or related to a case under title 11 in the interest of justice, comity with state courts, or respect for state law.

18. Courts within the Eleventh Circuit routinely apply a multi-factor test when evaluating permissive abstention, including: (1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with the enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties. *In re*

*Sun Healthcare Group, Inc.*, 267 B.R. 673, 679 (Bankr. D. Del. 2000); *See also Continental Airlines, Inc. v. Allen (In re Continental Airlines, Inc.),* 156 B.R. 441, 443 (Bankr.D.Del.1993); *TTS, Inc. v. Stackfleth (In re Total Technical Svcs., Inc*.), 142 B.R. 96 (Bankr.D.Del.1992).

19. More important than the numerical count of factors weighing for and against abstention, the Court must determine which arguments are of greater importance and persuasion" See *In re Houston Regional Sports Network, L.P.*, 514 B.R. 211 (2014). Similarly, *In re Tronox*, citing *In re Janssen*, noted that the analysis "is not a mechanical or mathematical exercise" and the court "need not plod through a discussion of each factor in the laundry lists developed in prior decisions" *In re Tronox,* 603 B.R. 712 (2019).

20. As such, we turn the court towards the fact that the present motion contains (1) the predominance of state law issues; (2) the presence of a related state court proceeding; (3) considerations of judicial economy and comity; and (4) the effect of abstention on estate administration.

A. State Law Issues Predominate

21. The issues raised in the Turnover Motion arise exclusively under Florida law governing business dissolution and accounting.

22. No substantive rights created by the Bankruptcy Code are implicated, and the requested relief depends entirely on state law determinations.

B. Ongoing Related State Court Proceeding

23. The State Court Action is not merely related to the Turnover Motion; it will dictate whether the relief sought in the Turnover Motion is appropriate or ripe.

24. Furthermore, the State Court Action is due to be resolved within a reasonable amount of time, and is highly dispositive of what involvement, if any, this Court would have.

25. Proceeding simultaneously in both forums would risk inconsistent rulings and unnecessary duplication of judicial effort.

C. Judicial Economy and Comity

26. Judicial economy is best served by allowing the State Court Action—already set for mediation and trial—to proceed without interference.

27. Comity strongly favors allowing the state court to adjudicate dissolution and accounting issues uniquely governed by Florida law.

D. Minimal Impact on Estate Administration

28. Resolution of the Turnover Motion will have no material impact on plan administration, distributions, or the closing of this bankruptcy case.

29. The bankruptcy case is otherwise nearing administrative completion, further supporting abstention.

30. In light of the foregoing, a stay of the Turnover Motion pending resolution of the State Court Action is appropriate to preserve judicial resources and avoid piecemeal litigation.

31. Abstention without dismissal preserves this Court's jurisdiction should circumstances materially change.

**WHEREFORE**, the Debtor(s) respectfully request that the Court enter an Order:

A. Staying all proceedings related to the pending Turnover Motion;

B. Removing the Turnover Motion from the Court's February 11, 2026 hearing calendar;

C. Permissively abstaining from adjudicating the Turnover Motion pursuant to 28 U.S.C. § 1334(c)(1) pending resolution of Bay County Circuit Court Case No. 25-0666CA; and

D. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael A. Wynn
Michael A. Wynn  (FBN 112300 )
Stichter Riedel Blain & Postler, P.A.
430 W 5th Street, Suite 400
Panama City, FL 32401
Telephone: (850) 303-7800
Email:  mwynn@srbp.com
Attorneys for Debtors

CERTIFICATE OF CONFERRAL

Pursuant to N.D. Fla. Loc. R. 7.1(B) and N.D. Fla. LBR 9013-1(A)(2), the undersigned counsel certifies that counsel has conferred in good faith with all interested parties in an effort to resolve the issues raised in this motion but has been unable to do so.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all parties entitled to notice on this 29th day of January, 2026.

Brandon Burg     brandon@burglaw.com
Adisley Cortez-Rodriguez     adisley.m.cortez-rodriguez@usdoj.gov
Jodi D. Dubose     jdubose@srbp.com, jdubose.ecf@srbp.com
Jodi Daniel Dubose     jdubose@srbp.com, jdubose.ecf@srbp.com
Jason H. Egan     jason.h.egan@usdoj.gov
Miles Lewis Hall     lhall@williamsparker.com, mwengerd@williamsparker.com
Chad D. Heckman     eservice@heckmanlawgroup.com
Jennifer Laufgas     ecfflnb@aldridgepite.com
Eric Marc Levine     elevine@atlas-solomon.com
William Jack Miller     bmiller@billmillerlaw.org
Wanda D Murray     wanda.murray@usdoj.gov, WMurray@ecf.courtdrive.com
United States Trustee     USTPRegion21.TL.ECF@usdoj.gov

/s/ Michael A. Wynn
Michael A. Wynn  (FBN 112300 )
Stichter Riedel Blain & Postler, P.A.
430 W 5th Street, Suite 400
Panama City, FL 32401
Telephone: (850) 303-7800
Email:  mwynn@srbp.com
Attorneys for Debtors